# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**BORIS NICKOLAEVICH SKUDNOV**                                                              **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 3:15-CV-100-JHM**

**U.S. DEP'T OF HUD et al.**                                                               **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Boris Nickolaevich Skudnov, filed a *pro se*, *in forma pauperis* complaint and amended complaint.[1] This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff names as Defendants the following: U.S. Department of HUD; Housing Authority of Bowling Green; CHFS[2] Office of the Secretary; Commonwealth of Kentucky Cabinet (CHFS); Fern Terrance Lodge of Bowling Green; Bell, Orr, Ayers & Moore, P.S.C.; Warren Circuit & District Courts; and the United States District Court, Bowling Green, Kentucky. The initiating document is styled: "Complaint with Class Allegations Federal Grand Juries Demand as to All Counts." He states that he requires a "hearing of my case with Federal Grand Jury & U.S. Prosecution: Full Compensation of damage complaint with class allegations federal grand jury demand as to all counts." The complaint also asserts, "I have a letter from Becker law office which explains that Judge Thomas Russell deliberately dismissed my case against the Housing Authority of Kentucky on the terms of neglect and violation of the statute of

---

[1] The Court notes that this is the eighteenth *pro se* action initiated by Plaintiff in this Court in the past ten years.
[2] The Court assumes this acronym stands for the Cabinet for Health and Family Services, which Plaintiff has sued in a number of previous suits. *See, e.g*, *Skudnov v. Ky. Cabinet for Health and Family Servs.*, 1:09-cv-148-TBR.

limitations, despite the excess of evidence in my possession." He also states "the International convention of the elimination of all forms of racial discrimination signed and ratified by the United States of America prohibits actions with respect to housing that have the effect of discrimination and ensures housing security for all tenants." Plaintiff states that he brings this action on "behalf of herself[3] and all others similarly situated."

Plaintiff also filed an amended complaint (DN 8). It is difficult to follow. The first few pages are appointment reminders for medical appointments for Plaintiff in fall 2014 and spring 2015. The remaining 37 pages are a hodgepodge of assertions of generalized wrongdoing not having any apparent relation to Plaintiff, as well as particulars of complaints he had about the Bowling Green Housing Authority from 1993 through 2002 and allegations that CHFS had defrauded him from 2000 to 2002.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[3] The Court assumes that this is a typographical error and that Plaintiff meant to say "himself." The Court also notes that Plaintiff's filings in this and his numerous other cases brought in this Court state that Plaintiff was born in Russia and has difficulty with the English language.

2

*Criminal charges*

Plaintiff's complaint asks for a federal grand jury and prosecution by the United States. However, this Court does not have the power to direct that criminal charges be filed against anyone. *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972). "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Further, Plaintiff as a private citizen may not initiate a federal criminal prosecution. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam); *Abner v. Gen'l Motors*, 103 F. App'x 563, 566 (6th Cir. 2004). These claims must, therefore, be dismissed for failure to state a claim upon which relief may be granted.

*Claims on behalf of others*

It appears that Plaintiff is attempting to bring this complaint as a class action. However, as a *pro se* litigant, he may not do so. Just as a *pro se* plaintiff cannot represent another named individual, a *pro se* plaintiff cannot prosecute a class action because a *pro se* litigant is not an adequate class representative. *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001); *Ballard v. Campbell*, No. 98-6156, 1999 WL 777435, at *1 (6th Cir. Sept. 21, 1999); *Giorgio v. Tenn. Dep't of Human Servs.*, No. 95-6327, 1996 WL 447656, at *1 (6th Cir. Aug. 7, 1996) ("Because a layman does not ordinarily possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a pro se litigant."). Thus, to the extent that Plaintiff is requesting this Court to certify this action as a class action, that request is denied.

*International treaty*

Plaintiff cites to the International Convention on the Elimination of All forms of Racial Discrimination (ICERD). However, a claim under the ICERD is not cognizable. A treaty does not become domestic law, and cannot support a private right of action, unless Congress has enacted implementing statutes or the treaty is self-executing. *See Medellin v. Texas*, 552 U.S. 491, 505 (2008). When the United States Senate ratified the ICERD, it specifically declared that the convention was not self-executing. 140 Cong. Rec. S7634-02, 1994 WL 282789 ("[T]he United States declares that the provisions of the Convention are not self-executing."); *see also Tucker v. N.Y. Police Dept.*, No. Civ. A. 08-2156 (DMC), 2008 WL 4935883, at *13 (D.N.J. Nov. 18, 2008) ("As numerous courts have recognized, this treaty does not give rise to a private cause of action, as it is neither self-executing nor has Congress enacted enabling legislation." (citing cases)). Accordingly, Plaintiff's claim under this treaty must be dismissed for failure to state a claim.

*Civil claims*

To the extent that Plaintiff is bringing civil claims against Defendants and not merely asking for a criminal prosecution, many of those claims fail to meet the pleading standard set forth in the Federal Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted).

In the instant case, Plaintiff fails to place the following Defendants on notice as to the claim(s) against them: U.S. Department of HUD; Fern Terrance Lodge of Bowling Green; and Bell, Orr, Ayers & Moore, P.S.C. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The remainder of Plaintiff's civil claims in the amended complaint must be dismissed as malicious within the meaning of § 1915(e)(2)(B) because they have been brought before. "A complaint is malicious when it "'duplicates allegations of another [ ]federal lawsuit by the same plaintiff.'" *Daley v. U.S. Dist. Court Dist. of Del.*, 629 F. Supp. 2d 357, 359-60 (D. Del. 2009) (internal citations omitted); *see also Jennings v. Rastaher*, No. 1:13-cv-868, 2014 WL 116672 (S.D. Ohio Jan. 10, 2014) ("The filing of duplicate lawsuits is malicious . . . ."); *Hahn v. Tarnow*, No. 06-CV-12814, 2006 WL 2160934, at *1 (E.D. Mich. July 31, 2006); *Ballentine v. Crawford*, 563 F. Supp. 627, 629 (D.C. Ind. 1983) ("A complaint that merely repeats pending or previously

5

litigated claims may be considered abusive . . . ."). "[A] complaint is malicious under § 1915(d) if it is repetitive or evidences an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases." *Washington v. Reno*, No. 95-5062, 1995 WL 376742, at *1 (6th Cir. June 22, 1995).

Plaintiff's claims related to the Bowling Green Housing Authority from 1993 through 2002 and allegations that CHFS defrauded him from 2000 to 2002 have been brought in civil actions in this Court by Plaintiff time and time again. *See, e.g.*, *Skudnov v. Housing Authority of Bowling Green*, 1:09-cv-96-TBR; *Skudnov v. Housing Authority of Bowling Green*, 1:07-cv-149-TBR.

With regard to Defendant U.S. District Court, Plaintiff alleges that on December 5, 2005, Judge Russell of this Court collected his original check, which was "evidence" in the case, held it for a year, and then mailed the original to the "the Branch of Archives in the state of Virginia." Plaintiff asserts that Judge Russell has no judicial immunity for this "criminal act." However, this claim was denied in a prior case, *Skudnov v. Russell*, 1:08-CV-112-JHM, because these allegations fall squarely within the doctrine of judicial immunity.

With regard to Defendant Warren County Courts, Plaintiff previously sued Judge Potter of the Warren County District Court for actions transpiring in 2002 and 2003. *Skudnov v. Potter*, 1:09-CV-170-R. Here, his allegations once again concern Judge Potter's actions on the bench in 2003. Therefore, the Court finds that the claims relating to the Bowling Green Housing Authority, CHFS, the U.S. District Court, and the Warren County courts must be dismissed as malicious.

## III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims.

Date: June 24, 2015

                                                           **Joseph H. McKinley, Jr., Chief Judge**
                                                             **United States District Court**

cc:     Plaintiff, *pro se*
4414.009